JAMES P. PORTER, APPELLANT, *v.* WM. BICHARD
ET AL., RESPONDENTS.

CLERK HAS NO POWER TO ENTER JUDGMENT BY DEFAULT AFTER ANSWER has been filed, although such answer may be informal or insufficient. Any answer filed in the cause suspends the clerk's power to declare the defendant's default and to enter judgment, and its value as a pleading can be determined by the court only.

JUDGMENT BY DEFAULT ENTERED BY CLERK AFTER ANSWER FILED should be set aside by the court.

NOTICE IS SUFFICIENT when it informs the party entitled to receive it of the thing to be done, and leads him to the place of doing it at the proper time.

VERIFICATION OF ANSWER DOES NOT IMPAIR ITS EFFECT as a pleading, although it is made in a case where the law does not require the answer to be verified.

APPEAL from the district court of the third judicial district. The facts are stated in the opinion.

*H. H. Cartter*, for the appellant.

Judgment may be had by default if the defendants fail to answer the complaint, as follows: In actions arising upon contract for the recovery of money only: Compiled Laws, p. 409, sec. 152; where a portion of defendants only are personally served: Id., p. 392, sec. 32.

The supreme court has appellate jurisdiction in all cases commenced in a district court, from any order of the district court affecting a substantial right of a party, or in any action or proceeding: See Compiled Laws, p. 375, sec. 4.

Appeals from district courts, when and how taken, and in what cases: See Compiled Laws, p. 438, sec. 349. An appeal lies from an order setting aside a decree in equity, and granting a rehearing. *Riddle* v. *Baker*, 13 Cal. 295; *Michigan Ins. Co.* v. *Whitmore*, 12 Mich. 311.

Orders setting aside or refusing to set aside judgments, etc., are, in Wisconsin, appealable: See *Carney* v. *La Crosse & M. R. R. Co.*, 15 Wis. 503; *Jesup* v. *City Bank of Racine*, Id. 604. So in Nevada: *Ballard* v. *Purcell*, 1 Nev. 342; *Maynard* v. *Johnson*, 2 Id. 16. In New York: See *Mortimer* v. *Nash*, 17 Abb. Pr. 229; 3 Estee Pl. 642. An appeal lies from an order of the court below changing the judgment: See *Bryan* v. *Berry*, 8 Cal. 130; 3 Estee Pl. 641.

In this case the judgment by default should not be set aside, because there was no such motion made in the cause, but the motion was made in another cause, viz., James R. Porter, plaintiff, v. William Bichard et al.—not founded on any notice of a motion filed in this cause—the notice of the motion is entitled: James R. Porter, plaintiff, v. William Bichard and Nicholas Bichard, defendants.

The default in this cause should not have been opened, nor an amended answer allowed to be filed, because there was no motion made for any such action. Defendant admits everything regular up to the entry of judgment, as neither in their notice of motion, or motion, do they ask for any proceeding prior to judgment to be set aside: See 2 Abb. Pr. 591, and note. Errors in rendering a judgment by default can only be corrected by appeal. 3 Estee Pl. 528, sec. 62; *Stevens* v. *Ross*, 1 Cal. 94.

The only mode to relieve a party from a judgment, on motion, by our statute, is contained in sec. 68, p. 396, Compiled Laws, as follows: "The court may, upon affidavit and such terms as may be just, relieve a party from a judgment taken against him, through mistake, inadvertence, surprise, or excusable neglect." This being the mode fixed by statute, must be strictly followed. By this statute there must be a showing, by affidavit, that the party had a good defense on the merits to the plaintiff's cause of action, and that the judgment was taken by mistake, inadvertence, surprise, or excusable neglect; and although time was granted by the court, no affidavits were filed of any kind whatever, nor any kind of a showing made, although the notice of motion, and motion, purported to be founded on affidavits of the parties. The court therefore erred in granting the order to set aside the judgment.

In delivering his opinion the court below stated that the default and judgment were regularly entered, if there was no answer filed as provided by law, but stated that there was an answer filed in time (referring to answer set forth in transcript, folios 22 to 25 inclusive), therefore the order must be granted (order in transcript appealed from). The paper set forth in said transcript, from folios 22 to 25 inclusive, is not an answer to complainant. It does not purport to be, nor is it intended to be, by the defendants. If an answer at all, it

is the answer of both defendants.   Said paper is merely the affidavit of defendant William Bichard to have the time extended in which to answer.

It is not an answer by our statute.   By our statute, Compiled Laws, p. 393, sec. 46, the answer of the defendant shall contain, first, in respect to each allegation of the complaint controverted by the defendants, a specific denial thereof, or a denial thereof according to his information and belief, or any knowledge thereof sufficient to form a belief; second, a statement of any matter constituting a counter claim in ordinary and precise language.   Not one of the requisites is contained in said paper.   It must be treated as a nullity, and the court erred in treating it as an answer.

The allegations of ignorance of the facts alleged will be insufficient to raise an issue, and the facts so attempted to be controverted will be held admitted.   *Wood* v. *Staniels,* 3 N. Y. Code, 152; *Elton* v. *Markham,* 20 Barb. 343; *Sayre* v. *Cushing,* 7 Abb. Pr. 371; *Chapman* v. *Palmer,* 12 How. Pr. 37; 2 Estee Pl. 695.

In what cases the party may deny the allegation of a pleading from want of sufficient knowledge or information to form a belief:   See *Lewis* v. *Acker,* 11 How. Pr. 163.   The court may exercise discretion in setting aside a default, but it must be a legal discretion, founded on sufficient showing. *Woodward* v. *Backus,* 20 Cal. 137; *Howe* v. *Independence Co.,* 29 Id.; 3 Estee Pl. 532.

Although an order of the court below setting aside or refusing to set aside a judgment by default rests much in the discretion of the court, and will not be disturbed unless plainly erroneous, yet the discretion of the court below is not a mental discretion, to be exercised *ex gratia,* but is a legal discretion, to be exercised according to law.   *Bailey* v. *Taaffe,* 29 Cal. 422; 3 Estee Pl. 532.

If the default is regular, as is admitted by respondents, they not moving to set it aside, then the judgment is right, and the court erred in setting either aside, as there was no legal cause therefor.

*J. P. Hargrave,* for the respondents.

Section 152, page 409, Compiled Laws of Arizona, defines and declares in what cases judgment may be entered by de-

fault, and no discretion is given to the clerk to determine the question of the sufficiency of an answer; he is only authorized to enter the default, and the judgment by default when no answer has been filed within the time prescribed by law; the clerk acts entirely in a ministerial capacity, and derives all his authority from the statute, and his authority can not be extended by implication or intendment of law. *Providence Tool Co.* v. *Prader,* 32 Cal. 634.

The objection that the motion to set aside the judgment is not properly entitled comes too late, being made for the first time in the supreme court, no objection being made in the court below where the title could have been amended if defective. There is nothing in the objection itself; the names of the parties are sufficiently stated.

This action is in the nature of a bill for an account between partners, as the contract sued upon, and under which the alleged profits were made, shows that the plaintiff and defendants were partners in the execution and carrying out of the business therein mentioned; each to receive a certain fixed proportion of the profits, or bear a like proportion of the losses, each to contribute money and services carrying on the business. Kent's definition of a partnership is this: "It is a contract of two or more competent persons, to place their money, effects, labor, and skill, or some one of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions."

One partner can not sue another at law with respect to partnership transactions, but must file his bill for an accounting, etc. It follows that the complaint states no cause of action, and it was proper for the court below to set aside a judgment entered thereon, although the judgment might be treated as a nullity.

Judgment may be entered by default by the clerk, if no answer has been filed within the time prescribed by law, or such further time as may be granted by the court. Compiled Laws, p. 409, sec. 152.

The answer of William Bichard, which was filed before the default was entered, is a good answer in fact, although bad in form, and the clerk had no right to judge of the sufficiency of the answer; if the answer was sham, irrelevant, or immaterial, a motion to strike out was the only remedy.

Compiled Laws, p. 394, sec. 50; 1 Van Santvoord, 592–604. But to treat the paper filed by William Bichard merely as an application and affidavit for additional time in which to file an answer, it is then sufficient to authorize the court to set aside the judgment. A timely application for additional time to answer is an appearance, and pending the application no default can be entered, although the application can not be heard until after the time for answering has expired.

An answer may be good for the purpose of saving default and entirely insufficient to controvert any material allegation in the complaint; as in the case of a verified complaint, an unverified answer may be stricken out on motion, but can not be disregarded by the clerk. *Drum* v. *Whiting*, 9 Cal. 422; *Grogan* v. *Buckle*, 1 Id. 193. Failure to serve a copy of the answer on plaintiff is only an irregularity, to be taken advantage of on motion.

By COURT:

In this case, eight days after service of summons, William Bichard, the one of the two defendants residing without the jurisdiction of this court, filed his sworn and informal answer to the unsworn complaint of the plaintiff, James P. Porter, in which he admits some of the allegations of the said complaint, denies all knowledge of its other more material allegations, avers that the other co-defendant, Nicholas Bichard, a resident of San Francisco, alone can and will make full answer to such complaint, and asks the further time of sixty days to enable him to do so. With this answer on file in the case, the clerk of the district court in which the suit was brought, twenty days after service of summons on the said William Bichard, that is, on the eleventh day of November, 1871, at the instance of the plaintiff's counsel, declared the defendants in default, and entered judgment against them and in favor of the plaintiff, for the sum of thirteen hundred and forty-six dollars, with costs of suit.

Subsequently, on the twenty-second day of June, 1872, the district court, on motion of the defendant's counsel and argument on behalf of both parties, ordered that this judgment should be opened and the defendants allowed to answer. From that order the plaintiff appealed, and now asks

this court to rescind it, and restore the judgment of the clerk, alleging the said order to have been null and void.

In addition to this averment of error on behalf of the plaintiff, the counsel for the defendant, in his notice of motion to open the judgment in the court below, suggested an exception to the jurisdiction of the district court, alleging that the cause of action in the present case was so far an equitable one as to render the common-law remedy there sought inadequate to do justice between the parties. That suggestion was repeated in this court. A brief analysis of the case, however, will show that the district court, under our statutes, is entirely competent to dispose of it in justice to all the parties. The persons concerned in interest are but three; the plaintiff and the two defendants sued as partners; some of the relations of the opposite parties in the case, it is true, are similar to those of partners, but the aggregate relations of the parties are neither numerous nor complex, nor does the case present for solution any equitable element.

The plaintiff's claim is for the net profits of freight, due him as alleged, on a contract between him and the defendants as common carriers, in which the services were to be performed by the respective parties, as provided in the said contract, and the capital contributed, the losses borne, and the profits divided equally between the parties. An account and discovery, in some of their simpler forms, may be required by the plaintiff of the defendants, in the solution of their controversy. The remedial powers of the district court are quite competent to do justice between the parties in this case, hardly less fully, and much more speedily and cheaply, than any mere court of equity. Issues clear and simple can always be extracted from any detail of fact, by complaint and answer under our statutes, and when the issues are thus developed, the parties can be made witnesses for each other, and can be interrogated under oath as exhaustively as the same can be done on a bill in equity for discovery. Their books can be inspected and their accounts unraveled in a case such as this so fully as to satisfy all the exigencies of justice. Nothing in the case, therefore, requires this or the district court to abdicate its common-

law jurisdiction, which had already attached for the dilatory and expensive remedies of a court of equity.

The question recurs upon the validity of the order to open the judgment in the court below. The authority of the clerk to declare the defendants' default is simply clerical, involving no judgment or discretion. The statute, Compiled Laws, p. 409, sec. 152, provides that judgment may be thus entered if no answer has been filed with the clerk of the court. Any answer, when filed in the case, suspends the power of the clerk to declare the defendant's default and judgment, however informal, and its value as a pleading must be determined by the judge and no one else. The answer of the defendant had, it seems, been filed by the clerk, who entered the judgment in this case, and had been on his file at least twenty days when the judgment was entered.

The informal answer of William Bichard, as it appears upon the record, though not competent to form a triable issue, was certainly sufficient to entitle the defendants to further time to answer. It would have been so found on application to the court or judge for further time to answer, it would have secured the defendants leave to answer over on a judgment overruling the plaintiff's demurrer to it, and it would have entitled the defendants to a postponement of the trial in order to secure the testimony of Nicholas Bichard as a witness, on the trial of the cause at some future time.

The conclusion therefore is, that the clerk was wrong in entering the judgment of default against the defendants, with the informal answer of William Bichard on file in this case, and that the judge of the district court of the third judicial district was right in rescinding such judgment after it had been entered.

It only remains to notice two more exceptions of the plaintiff's counsel which were adverted to in his brief and on the oral argument of this case; one of these is, that the answer of William Bichard was on oath, while the complaint to which it purports to be responsive was not so, and that it was the answer of both parties though only made by one; the other of these minor exceptions is, that the defendants in the notice of motion to open the judgment and in the proceedings which grew out of it were not described and

entitled as in the complaint, and that hence the notice was insufficient and inoperative and the order of the judgment null and void.

In the notice of motion, the defendants are described as "William Bichard and Nicholas Bichard," and in the motion itself they are described as "William Bichard et al." instead of "William Bichard and Nicholas Bichard, partners, doing business under the firm name and style of William Bichard & Co.," as they are entitled in the complaint, and with the exception noted in the other parts of the proceedings. The title as here indicated was the mere badge of the notice, as explained and applied by the notice itself, to show who sent it, and, like all such notices, does not require the certainty of a pleading.

It is always sufficient where it informs the party entitled to its receipt of the thing to be done and leads him to the place of doing it at the proper time. The title was explained by the body of the notice, and together they left the plaintiff in no doubt of what was meant. Were William Bichard et al., and lawsuits between them and James P. Porter, so numerous that the latter could possibly have misunderstood this notice? Practically, this question would have to be answered in the negative, if there were nothing more.

But on turning to the record we find this admission on behalf of the plaintiff: "I acknowledge service of the within motion. Prescott, Dec. 14, 1871. (Signed) H. H. Cartter, Attorney for Plaintiff." Besides this, the minutes of the case show that the counsel for the plaintiff attended at the hearing of the motion, and resisted the order. This would have cured all defects of notice, if any there were. The verification of the informal answer of William Bichard by affidavit does not in any manner impair its effect. Our Compiled Laws provide, p. 394, sec. 51: "When the complaint is verified by affidavit, the answer shall be verified also." It does not prohibit such verification nor make it detract from the statement in any other case. For the truth is, the verification adds to the sanctity of the statement, and is not matter of exception in the present case.

The informal answer of William Bichard in this case thus commences, "William Bichard for and in behalf of himself and Nicholas Bichard," and thus concludes, "So the defend-

ants in this case respectfully pray this honorable district court," etc. The remainder, and the whole effect, of this informal paper is, to tell the plaintiff, the clerk, and the court that the absent defendant Nicholas Bichard could and would make full answer to the complaint in the case, if time were allowed him to do so. He makes the statement and he prays for the time, as would have been obvious without the commencement or conclusion, on behalf of both the defendants; for both as parties to the suit were interested in it. It is impossible to see how this can impair the effect of this informal answer, or constitute any cause for rescinding the order for opening the judgment in controversy. This court, therefore, is thus constrained to disregard all these minor exceptions.

Some cases were cited in argument, but they have so little application to the present case that their discussion here would add little or nothing to its interest or instruction. They certainly ought not to vary the foregoing conclusions.

The judgment and order of this court, therefore, is that the order of the district court of the third judicial district, opening the judgment of default entered by the clerk of that court in this case, be confirmed, and the case be remanded there for further proceedings thereon.