MISSOULA BELT LINE RY. CO., APPELLANT, *v.* SMITH
ET AL., RESPONDENTS.

(No. 4,201.)

(Submitted September 24, 1920. Decided November 8, 1920.)

[193 Pac. 529.]

*Default Judgments — Setting Aside — Attorney and Client— Challenging Attorney's Right to Act — Appearance — Extending Time—Jurisdiction—Presumptions—Waiver.*

Appearance—Motion Challenging Jurisdiction—Effect.
    1. Under section 6719, Revised Codes, the filing by defendant of a motion challenging the jurisdiction of the court before he interposes his answer or demurrer extends the time for making appearance on the merits until the motion is determined.

Default Judgments—Power of Clerk to Enter.
    1a. Held, that under section 6719, Revised Codes, above, the power of the clerk of the district court to enter a default in any case is restricted to those in which no appearance, either general or special, has been made.

Attorney and Client—Authority of Attorney to Appear—Want of Authority—Dismissal of Action.
    2. The district court may, under section 6423, Revised Codes, on motion of either side made in good faith and upon. a showing supported by affidavit or otherwise, require the attorney of the adverse party to produce and prove the authority under which he appears,

and if it be shown that the attorney for plaintiff has no such author-ity, dismiss the action.

Same—Presumptions.

3. An attorney is presumed to have authority to appear for the party he assumes to represent, until the contrary is shown.

[As to authority of attorney to confess or consent to entry of judgment, see note in **Ann. Cas.** 1914C, 548.]

Same—Challenging Authority of Attorney to Act—Time.

4. *Semble:* While the statute does not declare when a motion of the character of the above must be made, it would seem that it should be made whenever during the progress of the case the party desiring to present the question comes into possession of facts furnishing a reasonable ground for the belief that the attorney for the adversary party is acting without authority.

Same—Challenging Authority of Attorney to Act—Waiver.

5. Where defendant desires to make a motion calling upon plaintiff's attorney to show by what right he appears in the cause, he should make it upon his first appearance or at the earliest time he can make it, otherwise he will be deemed to have waived his right to make it.

Same—Motion Challenging Attorney's Authority—Jurisdiction.

6. Since the word "jurisdiction" as used in section 6719 above means the power of the district court to hear and determine a cause, which power ceases when it is shown that the action was brought without authority, a motion of defendant challenging the right of the attor-ney for plaintiff to appear is, in effect, one advising the court that it has not properly acquired the power to hear and determine, and therefore one challenging jurisdiction.

Same—Setting Aside Default—When Proper.

7. *Held,* that where the clerk of the district court entered defend-ants' default, although within the time for making appearance they had filed a motion requiring plaintiff's attorney to show his authority for appearing, which motion had not been called to the court's atten-tion for determination, an order granting the motion to set aside the default was proper.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by the Missoula Belt Line Railway Company against George P. Smith and others. From an order granting de-fendants' motion to set aside a default judgment plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. S. J. Bischoff* and *Mr. E. C. Mulroney,* for Appellant.

The special appearances and motions made by defendants were not such proceedings as are contemplated by section 6719

of the Revised Codes; hence did not prevent entry of judgment upon the expiration of twenty days from the date of service. Under the above section a general appearance can only be made by interposing an answer or a demurrer. There is no Code provision recognizing the practice of filing a general appearance independent of an answer or demurrer. The defendants having failed to interpose either demurrer or answer, no general appearance was made by the defendants. The proceeding that was taken by the defendants was the filing of special appearances coupled with motions. The question that presents itself is this: Are the motions which were coupled with the special appearances such motions as are contemplated by section 6719? For only such motions as are contemplated by that section will prevent the entry of a default. We contend they are not. It is clear that the legislature intended that whatever motion should be made must be one that is an attack on the jurisdiction of the court, an attack on the complaint or an answer to the facts set forth in the complaint or an answer by way of demurrer. This is in effect the construction placed upon the section of this court in *Donlan* v. *Thompson Falls etc. Co.*, 42 Mont. 257, 112 Pac. 445. The two motions interposed here do not raise any question of jurisdiction, nor do they attack the complaint in any manner. The motions raised an independent or ancillary inquiry as to the authority of the officer who instituted the action to do so. This inquiry does not affect the cause of action against the defendants, but is one that can be raised, if at all, between the corporation and its officers only. (See *Naderhoff* v. *Geo. Benz & Sons*, 25 N. D. 165, 47 L. R. A. (n. s.) 853, 141 N. W. 501; *Fears* v. *Riley*, 148 Mo. 49, 49 S. W. 836; *Murphy* v. *Minot Foundry etc. Co.*, 24 N. D. 185, 139 N. W. 518.)

The last case cited is in many respects similar to the case at bar. In both cases the motions were to dismiss, the action was on contract, and in both cases the motion was not one that went to the merits of the action but presented an ancil-

lary inquiry. As in the case cited, the appearances so called filed by the defendants are anomalous papers, the motion is unknown to the practice in this state, and counsel have·failed to call attention to a single instance in which so strange a motion was presented and urged as an arrest of the running of the time. The instruments in this case did not present any questions of law or fact and were therefore nullities, at least for the purpose of preventing the running of defendants' time.

In *McDonald* v. *Swett,* 76 Cal. 259, 18 Pac. 324, the supreme court of California held: "It was not sufficient ground for setting aside the default that it was entered pending the hearing of the motion to dismiss. \* \* \* The motion to dismiss the action did not extend the time to answer."

Under section 6719 the three ways of preventing default enumerated in subdivision 1 all relate back to the first part of the section, which limits the subdivision to the answer or attack on the jurisdiction, and since the motions do not attack the complaint or challenge the jurisdiction of the court, they did not prevent default from being entered.

*Mr. Harry H. Parsons* and *Mr. Thomas N. Marlowe,* for Respondents.

In the case of *Donlan* v. *Thompson Falls etc., Co.,* 42 Mont. 257, 112 Pac. 445, this court pointed out the things which could be done under section 6719, enacted by Laws of 1905, Chapter 59, so as to prevent the default of a party when served from being entered, and it is therein held, the first is by an answer or demurrer to the complaint; the second is by a motion filed in the main action; and the third is by a special appearance coupled with the motion. It is our contention that the motion filed—or at least the motion to dismiss —met all the demands of the second and third requirements laid down by the court in this case, and while it was called a special appearance, that did not make it so, and if the relief demanded could not have been granted except by the

defendants appearing generally, they will be deemed to have so appeared. By invoking the jurisdiction of the court in asking for a dismissal of the case, they appeared generally, even though such appearance was designated as a special one. A motion to dismiss has almost uniformly been held to amount to a general appearance. In the case of *State ex rel.* v. *Napton,* 24 Mont. 450, 62 Pac. 686, it was held by this court that a motion to quash and dismiss was a general appearance. There the court said: "In his motion to quash and dismiss he appeared generally and thereby cured the supposed defect in the service." (*Teater* v. *King,* 35 Wash. 138, 76 Pac. 688; *Jones* v. *Jones,* 59 Or. 308, 117 Pac. 414; *Nichols etc. Co.* v. *Baker,* 13 Okl. 1, 73 Pac. 302; *Dudley* v. *White,* 44 Fla. 264, 31 South. 830; *Blair* v. *Henderson,* 49 W. Va. 282, 38 S. E. 552; *Norfolk etc. R. Co.* v. *Consolidated Turnpike Co.,* 111 Va. 131, Ann. Cas. 1912A, 239, 68 S. E. 346; *Everett* v. *Wilson,* 34 Colo. 476, 83 Pac. 211; *McKillip* v. *Harvey,* 80 Neb. 264, 114 N. W. 155; *Rosenberg* v. *United States Fidelity & Guar. Co.,* 115 Va. 221, 78 S. E. 557; *Hudson Coal Co.* v. *Hauf,* 18 Wyo. 425, 109 Pac. 21.)

In the case of *Thompson* v. *Pfeiffer,* 66 Kan. 368, 71 Pac. 828, it was held that "a motion to dismiss, though called and designated a special appearance, was in fact a general appearance." In 4 Corpus Juris, page 1340, it was held that "a general appearance results from the making of the motion to dismiss." We think that these cases clearly show that the motion to dismiss constituted a general appearance, even though designated a special one, because the motion so made "invoked the jurisdiction of the court on the merits and asked for relief which presupposes jurisdiction has attached," and we are clearly of the opinion "that it attacks the complaint" and was such a motion, "the granting of which was inconsistent with the idea that the plaintiff was entitled to recover judgment by default upon the complaint as filed," and the granting of this motion, the good faith and grounds of which was set forth in the affidavit in support of the same,

and made a part of it, would have ended the whole case.  In any event, the motion made was a special appearance, coupled with a motion which is one of the things the defendants, under section 6719, could do to prevent their default being entered.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On September 7, 1917, the plaintiff commenced an action in the district court of Missoula county to recover the sum of $8,000, with interest, which it was alleged the defendants had collected for the use and benefit of the plaintiff, but had failed and refused to pay to it.  The defendants were on that day served with summons and a copy of the complaint.  On September 20 the defendants filed with the clerk and served upon attorneys for plaintiff a motion asking the court to require the said attorneys to produce and prove their authority to appear as such in the action, and to order a stay of proceedings until such authority should be produced.  On the same day they filed and served a motion asking that the action be dismissed, on the ground that it had not been properly brought, in that it had not been authorized by anyone having the right to do so.  Each of these motions recited that defendants appeared specially for the purpose of the motion only.  The second motion was supported by an affidavit by defendant George P. Smith, president of the plaintiff.  The purpose of the affidavit was to show that the action had not been authorized by plaintiff corporation, but had been commenced by one Oettinger, who was without authority to act for the plaintiff in any capacity whatever.  On September 29, before either of the motions had been called to the attention of the court, or heard and disposed of by it, the plaintiff, through its attorneys, filed a præcipe with the clerk to enter the default of the defendants for failure to answer or otherwise make their appearance within the time required by law.  The clerk thereupon entered the default, and immediately

thereafter entered judgment against the defendants for the amount claimed in the complaint. On October 1 the defendants filed their motion to set aside the default and the judgment. This motion was supported by affidavits setting forth at length the facts upon which the defendants relied for their defense. On November 12, the court, after a hearing, granted defendants' motion. From this order plaintiff has appealed.

The question submitted for decision is whether, under the [1] provisions of section 6719 of the Revised Codes, the pendency of defendants' motions, or either of them, precluded the entry of the default and judgment by the clerk. If the answer is in the affirmative, the order appealed from must be affirmed, for in that case the defendants were entitled as of right to have the motions disposed of before they could be put in default. The purpose of the two motions was the same. They will therefore hereafter be referred to and treated as one.

Section 6719, so far as pertinent here, declares:

"Judgment may be had, if the defendant fail to answer the complaint *or to challenge the jurisdiction of the courts* as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer, *demurrer, motion or special appearance, coupled with a motion* has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, *or on motion to quash or set aside the service of summons, or to challenge the jurisdiction of the court has been made and filed,* the clerk upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the complaint, including the costs, against the defendant or against one or more of several defendants, in the cases provided for in section 6524. * * * "

The portion of this section quoted is subdivision 1 of section 1020 of the Code of Civil Procedure of 1895, as amended by

section 1 of Chapter 59 of the Laws of 1905; the italicized clauses indicating the amendments made at that time.

Section 1020, *supra*, was first enacted by the territorial legislature in 1867. (Laws 1867, p. 162, sec. 150.) It continued thereafter to be the law on the subject in this juris-diction until it was amended, as above indicated. In the case of *Mantle* v. *Casey*, 31 Mont. 408, 78 Pac. 591, there was presented the question whether, under subdivision 2 of the section which contained the same provision as subdivision 1 relating to the clerk's duty to enter default, a special appearance, coupled with a motion to quash the service of summons, extended the time for general appearance and answer to the merits of the action. The court held that it did not, and affirmed an order of the district court of Silver Bow county denying a motion to vacate a judgment entered on default of defendants after a motion to quash the summons had been filed. This decision was rendered on December 1, 1904. At its next session the .legislature amended the section by incorporating the italicized clauses in subdivision 1, which applies to actions on contract for the recovery of money or damages only. Substantially the same amendments were made to subdivision 2, which applies to all actions other than those mentioned in subdivision 1. Subdivision 3, which applies to actions in which summons has been served by publication, was also amended, so as to require, in addition to that theretofore necessary to be made on application for judgment, proof that no motion has been filed. to set aside the service of summons or to challenge the jurisdiction of the court. The amended section is not couched in the most appropriate terms and contains some repetition, but the purpose of the legislature in enacting it is not open to question. Manifestly its intention was to relax what it regarded the harshness of the rule of the older provision as interpreted by this court in the case of *Mantle* v. *Casey*, and to permit the defendant to challenge -the jurisdiction of the court by motion before he interposes his answer or demurrer, without

assuming the risk of being declared in default by the clerk. In its effort to relax the rule it went to the extreme of liberality, because it made the mere filing of the motion with the clerk sufficient to extend the twenty days allowed for appearance for defense on the merits, until the motion is [1a] determined. The result is that' the power of the clerk to enter a default in any case is now restricted to those in which no appearance, either general or special, has been made. It is true that the motion must in some way challenge the jurisdiction of the court.

Counsel strenuously insist that neither of the motions raises any question of jurisdiction, in that neither is directed at the complaint or summons. They cite and rely upon the case of *Donlan* v. *Thompson Falls etc. Co.,* 42 Mont. 257, 112 Pac. 445, in which this court had under consideration subdivision 2, and held that notice of motion to dissolve an injunction which had been issued in the action was not such an appearance as would prevent the entry of default by the clerk though filed within twenty days after service of summons. The facts were these: The defendants were all personally served with summons on August 17. On the same day a temporary injunction was issued and served. On September 4 the defendants, by their counsel, served upon counsel for the plaintiff and filed with the clerk a notice that they would on September 15 move the court for an order dissolving the injunction. On September 8 the clerk, on application of plaintiff, entered their default. A motion by defendants to vacate the default was denied. The plaintiff then submitted his evidence, and judgment was entered in his favor. Defendants again moved the court to vacate the default and judgment. This motion was denied. Defendants appealed. The principal contention made in their behalf was that the notice of their intention to move for a dissolution of the injunction, with the affidavits accompanying it, was an appearance in the action, sufficient to prevent entry of default by the clerk. Their contention was overruled, the court pointing out that,

to save a default under the statute, appearance must be made in the action either (1) by answer or demurrer; or (2) by motion such as amounts to a general appearance; or (3) by special appearance, coupled with a motion. It will be observed that the statute does not declare what must be the particular character of the motion, further than to require that it must in some way challenge the jurisdiction of the court. If it does this in any way, it comes within the purview of the statute.

Section 6423 of the Revised Codes authorizes the court, [2] on motion of either party, to require the attorney of the adverse party to produce and prove the authority under which he appears. The purpose of this provision is to compel disclosure by counsel who appears for plaintiff on the one hand, whether the action has been commenced at the instance and by the consent of the person who is the ostensible plaintiff, or, on the other hand, whether the defendant has authorized counsel who appears for him to so appear and interpose a defense to the action. In either case if it is shown that the attorney has no authority to represent the party for whom he assumes to act, he will not be permitted to act further, and if he is prosecuting the action without the permission of the ostensible plaintiff, whom he professes to represent, the action will be dismissed. Even in the absence of such a statute the court has the inherent power, either on its own motion or on motion of a party to the action, to require an attorney to produce evidence of his authority whenever there is reasonable ground to apprehend that he is proceeding to act without authority of the party he assumes to represent. (2 R. C. L. 981; *Keith* v. *Wilson,* 6 Mo. 435, 35 Am. Dec. 443; *Belt* v. *Wilson's Admr.,* 6 J. J. Marsh. (Ky.) 495, 22 Am. Dec. 88; *Clark* v. *Willett,* 35 Cal. 534.) The motion by either party must, of course, be made in good faith and be supported by a showing, by affidavit or otherwise, of a reasonable cause [3] for it. This is necessary because an attorney is presumed to have authority until the contrary is shown. (*State*

*to Use of West* v. *Houston,* 3 Harr. (Del.) 15; *McAlexander*
v. *Wright,* 3 T. B. Mon. (Ky.) 189, and note to this case, 16
Am. Dec. 93; *Williams* v. *Johnson,* 112 N. C. 424, 34 Am. St.
Rep. 513, 21 L. R. A. 848, and note, 17 S. E. 496.)

The statute does not declare when the motion should be
[4, 5] made. It would seem, however, that it should be
made whenever during the progress of the case the party
desiring to present the question comes into the possession of
facts furnishing a reasonable ground for the belief that the
adversary attorney is acting without authority. It would
seem, also, most appropriate that the defendant, if he desires
to do so, should make his motion upon his first appearance
in the action. In any event his motion should be made at
the earliest time he can make it. Otherwise, he may be
deemed to have waived his right to move at all.

The question arises, then: Does the motion challenge the
[6, 7] jurisdiction of the court? The term "jurisdiction,"
as used in the statute, is the power to hear and determine
the particular case. This power is called into activity by the
commencement of the action by a party who invokes it, to
enforce a claim against the defendant, or to redress or pre-
vent a wrong done or being done by him. The action is
commenced by the filing of a complaint. This must be the
voluntary act of the plaintiff. He thus submits his cause
for adjudication. No one else can do this for him, unless
he is a minor, or an incompetent ward, under the control
of a guardian. Even then, in contemplation of law, the
action is that of the ward. When, therefore, it is shown
that an action has been brought by another as an attorney
in the name of the plaintiff without authority, the power of
the court to proceed to adjudication of it ceases. The de-
fendant cannot lawfully be held to answer or make defense.
He is at liberty to defend an action brought against him if
he chooses, but may abstain from making any defense. He
is entitled to notice by service of process, but cannot be
brought into court and required to defend against his will.

Much less may he be lawfully brought into court to defend an action by one who is not the owner of the cause of action brought against him. By their motion defendants sought to advise the court that it had not properly acquired jurisdiction of the cause of action alleged in the complaint, and thus that it was without power to proceed to judgment. In other words, they sought to uproot the action entirely and summarily end it. In this sense the motion challenged the jurisdiction, within the meaning of the statute. This conclusion requires an affirmative answer to the question submitted by counsel.

It is insisted that under the decision in the *Donlan Case, supra,* a motion within the purview of the statute must attack the complaint in some way. By their motion defendants sought to have the action summarily ended. This presented the question whether a valid judgment could be rendered upon the complaint.

Counsel suggest and discuss in their brief the question whether defendants' motion constituted a general or special appearance. This inquiry is not material. Whether it constituted the one or the other, it precluded the entry of default and judgment until it should be determined. The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY, MATTHEWS and COOPER concur.