EDENFIELD, Respondent, *v.* SEAL CO., INC., et al., Appellants.

(No. 5,784.)

(Submitted October 24, 1925. Decided November 14, 1925.)

[241 Pac. 227.]

*Default Judgments—Entry of Default—Statute Directory—Appearance—Granting Further Time—What Constitutes.*

Default Judgments — Entry of Default by Clerk — Statute Directory Merely.
1.   The provision of subdivision 2 of section 9322, Revised Codes of 1921, that where no appearance has been made by defendant within the time therein specified, "the clerk must enter" his default is directory rather than mandatory.

Same—Appearance—Granting of "Further Time"—Comprises What.
2.   The "further time" which may be granted a defendant under section 9322, Revised Codes of 1921, in addition to that specified in the summons within which to make appearance, *held* to mean such time as may be granted by order of court, by stipulation or impliedly .by the failure of the plaintiff to have default entered.

Same—Implied Granting of Further Time for Appearance—What Constitutes.
3.   Where defendant does not make appearance within the statutory limit of twenty days and plaintiff permits further time to elapse without taking action, he thereby impliedly grants the former further

time, and if appearance is made thereafter and before default is entered, it is timely, and subsequent entry of judgment by default is void.

---

Appearances, 4 C. J., sec. 18, p. 1326, n. 11, 12 New.
Judgment, 34 C. J., secs. 391, p. 177, n. 8 New; sec. 393, p. 178, n. 23, 25; p. 179, n. 47.

*Appeal from the District Court of Treasure County, in the Fifteenth Judicial District; Robert C. Stong, a Judge of the Thirteenth District, presiding.*

ACTION by Grant Edenfield against the C. V. Seal Company, Inc., and others. From a default judgment for plaintiff and from an order refusing to vacate it, defendants appeal. Reversed and cause remanded with direction to set aside the judgment.

*Messrs. Campbell & Carolan,* for Appellant, submitted a brief; *Mr. T. W. Carolan* argued the cause orally.

*Mr. C. L. Harris,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was commenced December 10, 1924, and is in the nature of a creditor's bill to subject certain personal property, alleged to belong to the defendant C. V. Seal, to the payment of a judgment theretofore rendered against him in plaintiff's favor in the district court of Treasure county. Summons was served on December 11, 1924, and twenty days later, on December 31, within the time in which they were allowed to answer, a general demurrer to the complaint was prepared and mailed to the clerk of the court on behalf of these appellants. The next day being New Year's Day, the demurrer was not filed by the clerk until the morning of January 2, 1925. When the demurrer was filed, the default of the appellants had not been entered, although they were one day late in making such appearance. Later, on January 2, 1925, the plaintiff moved to strike the appellants' demurrer from the files, on the

grounds that it was not filed in time, and because it is sham, frivolous and dilatory. By its order of February 11, 1925, the court sustained this motion. On the last-mentioned date the plaintiff filed a praecipe for appellants' default, which thereupon was entered by the clerk. On February 19, 1925, the appellants moved to set aside the default upon the ground of mistake, inadvertence and excusable neglect, supported by the affidavit of one of the appellants' counsel, and tendered therewith for filing an answer raising issues of fact. A hearing was held on February 26, 1925, and thereafter, March 9, 1925, the motion was denied by the court's order. On March 16, 1925, after the taking of evidence in support of the allegations of his complaint, judgment was entered in favor of the plaintiff, in accordance with his prayer. On April 21, 1925, the appellants moved the court, based upon the files and records in the action, to set aside the judgment on grounds, among others, that at the time of the rendition thereof the court was without jurisdiction, as the judgment purports to have been given upon default of the appellants, whereas in truth and in fact they and each of them had appeared in the action and were not in default. This last motion the court denied on May 5, 1925. This appeal is prosecuted from the judgment and from the order refusing to vacate the judgment.

The only questions presented are whether the court was in error in sustaining the plaintiff's motion to strike the demurrer from the files and in denying the appellants' motion to set aside the judgment. Both will be discussed and considered together, for the decision of one disposes of the other.

So far as applicable to the case before us, subdivision 2 [1] of section 9322 of the Revised Codes of Montana of 1921 provides: "If no answer, demurrer, motion, or special appearance, coupled with a motion, has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, * * * the clerk must enter the default of the defendant; and thereafter

the plaintiff may apply for the relief demanded in the complaint.''

In construing the operation of this statute, it has been held by this court, and we think correctly, that its provisions are directory rather than mandatory, and that, prior to the actual entry of a default, a defendant who has been regularly served with process is in an altogether different position than after entry. (*State ex rel. Kohl* v. *District Court*, 46 Mont. 248, [2] 128 Pac. 582.) It will be noted that the clerk is not authorized to enter a default unless no answer has been filed ''within the time specified in the summons, or such further time as may have been granted.'' Further time may be granted defendants in an action by order of court, by stipulation, or impliedly by the failure of the plaintiff to have their default entered.

In construing the language employed in the statute, Mr. Chief Justice Brantly, speaking for this court said: ''The power of the clerk to enter a default in any case is now restricted to those in which no appearance, either general or special, has been made.'' (*Missoula Belt Line Ry. Co.* v. *Smith*, 58 Mont. 432, 193 Pac. 529.) And as early as 1870, in a case reported in the First Montana, the rule is stated that a default cannot be entered against a defendant after he has appeared. (*Mason* v. *Germaine*, 1 Mont. 263.)

It is not conceivable that the clerk will in any case enter a default unless the party entitled thereto applies therefor, and, failing to so apply and have it entered before a general appearance is made, the party so appearing cannot properly [3] be held to be in default. The rule applicable in such cases, deducible from the authorities, and in our opinion, is that, where a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking action thereon, and in the meantime a pleading is served and filed, by such conduct he in effect grants further time to the other party. So that a general appearance made before default is in time. (*Tregambo* v. *Comanche Mill Co.*, 57 Cal. 501; *Reher* v. *Reed*, 166 Cal. 525,

137 Pac. 263, and a long list of cases referred to in the last case cited, reported in Ann. Cas. 1915C, at pages 738, 739.)

It is manifest that default for failure to appear cannot be entered when a general appearance is actually on file, and likewise that a judgment by default is void where it appears to have been entered after the defendant has appeared and pleaded. (15 R. C. L. 665.)

The appellants, having made appearance in the action by the filing of their general demurrer before their default had been entered, were not in default, although they did not in fact make appearance within the time limit of twenty days fixed by the summons, pursuant to statute. (Sec. 9107, Rev. Codes 1921.)

The judgment and order are reversed and the cause is remanded to the district court, with directions to vacate and set aside the judgment.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

Rehearing denied December 1, 1925.