TAYLOR, APPELLANT, *v.* SOUTHWICK, RESPONDENT.

(No. 6,028.)

(Submitted January 8, 1927. Decided February 21, 1927.)

[253 Pac. 889.]

*Default Judgments—Improper Entry—Setting Aside Default Proper.*

Default Judgments—Entry Proper, When Only.
1. A judgment by default can only be entered where the defendant has wholly failed to make an appearance, either general or special; and where it is entered notwithstanding appearance made, it is premature and a nullity.

Same—Entry Improper Where Answer on File Presented Counterclaim, Demurrer to One Item Whereof Only was Sustained, Defendant Refusing to Amend.
2. In an action on an open account the defendant answered, admitting the allegations of the complaint but asserting a counterclaim consisting of several items. The court sustained a demurrer to the answer on the ground of ambiguity in pleading as to one of the items of counterclaim, allowing defendant time to amend his answer; amendment not having been made within the time allowed, judgment by default was entered, which on motion of defendant was set aside. *Held,* that setting aside the default was correct, default having been improperly entered (see par. 1, above), inasmuch as the answer raised issues as to items of the counterclaim unaffected by the ruling on the demurrer.

[1] Judgments, 34 C. J., sec. 369, p. 158, n. 91.
[2] Judgments, 34 C. J., sec. 372, p. 161, n. 37; sec. 510, p. 294, n. 91; sec. 674, p. 423, n. 34.

*Appeal from District Court, Blaine County; Charles A. Rose, Judge.*

ACTION by Lester Taylor against William I. Southwick, in which defendant interposed a counterclaim. After the sustaining of a demurrer to a part of defendant's answer, and after the time allowed for filing an amended answer had expired, judgment was entered for plaintiff by default. From an order setting aside the default judgment, plaintiff appeals. Affirmed.

1. See 15 R. C. L. 665.

*Mr. W. B. Sands,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Jess Angstman,* for Respondent, submitted a brief; *Mr. A. H. Angstman,* of Counsel, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On motion for a rehearing, the original opinion herein rendered January 31, 1927, is withdrawn and this one substituted. The result reached is the same as before.

This action was instituted to recover $325.50 alleged to be due the plaintiff from the defendant on open account. The defendant answered, admitting all of the allegations of the plaintiff's complaint, and by way of counterclaim sought to recover a balance of $57.10 alleged to be due him from the plaintiff after allowing a deduction of the amount of the defendant's admitted indebtedness to the plaintiff. A demurrer was filed to the answer upon the alleged grounds of ambiguity and misjoinder of causes of action. The court sustained the demurrer because of ambiguity in pleading as to one of several items pleaded by way of counterclaim by the defendant, and allowed the defendant twenty days within which to further plead. The only allegation of defendant's counterclaim affected by the court's ruling on the demurrer reads as follows: "That plaintiff has in his possession 115 bushels of oats belonging to this defendant, which said oats are reasonably worth two cents per pound or a total of $73.60." The court's order reads as follows: "Demurrer to answer is sustained relative to the oats mentioned in the last paragraph and overruled as to the rest. Defendant has twenty days to further plead."

As an amended answer was not filed within the time allowed by the court, judgment was entered by default against the defendant in accordance with the prayer of plaintiff's complaint on March 8, 1926. An execution was thereupon issued, and

certain personal effects of the defendant were by the sheriff applied in satisfaction of the judgment on March 10, 1926. On April 10, 1926, a motion was made by defendant to vacate and set aside the judgment upon the ground that the defendant's answer put in issue certain facts which are not disposed of by the ruling on the demurrer or otherwise. This motion was sustained, and the judgment ordered set aside. The appeal is from the order setting aside the judgment.

The only question presented for decision is whether the court [1, 2] erred in making the order setting the judgment aside.

Neither the complaint nor the answer conforms to district court practice. They are far from models of pleading and would be much more appropriate under justice court procedure. Upon admission of the allegations of the complaint by the defendant, and ruling made by the court on demurrer to his answer, the following affirmative allegations remained upon which the defendant predicates his counterclaim against the plaintiffs: "That at plaintiff's request defendant worked during the month of March, 1925, with team three days, which said work was worth the sum of $5 per day; that beginning April 9, 1925, defendant was employed by the plaintiff to operate a tractor, and that he worked continuously from April 9 until May 3; that said services were reasonably worth the sum of $10 per day; and that, at plaintiff's request, defendant furnished a four-horse team and driver for field work on April 13, 14, 15, 16, 17, 21, 22, and 23, which said team and driver was reasonably worth the sum of $10 per day; that two minor boys of this defendant were employed by plaintiff for two days on or about August 10, 1925, and that said services were reasonably worth the sum of $8; that this defendant, at plaintiff's request, made two trips from the ranch to Harlem for oil to use in plaintiff's tractor, which said services were reasonably worth the sum of $6."

Upon the facts alleged remaining before the court after ruling made on the plaintiff's demurrer to the answer, a counter cause of action for the relief demanded could have been easily stated upon amendment of the answer. A general demurrer was not interposed to the answer, and by the court's ruling the answer was considered defective only because of ambiguity of one of several items pleaded by way of counterclaim. The remaining allegations of the defendant's answer show a set-off against plaintiff's cause of action, provided the defendant has not been paid the several amounts alleged to be due and owing to him. Had the sufficiency of defendant's counterclaim been challenged by a general demurrer, he doubtless would have supplied the defect in failing to allege nonpayment. At any rate, it was not proper to enter a judgment by default against the defendant until the sufficiency of the averments of his answer remaining on file had been disposed of by the court. He was entitled to have the court make ruling upon the sufficiency of the answer, and to make amendment thereof, if possible, consistent with the facts. In the existing condition of the pleadings the defendant cannot be held to have been in default.

A judgment by default may be entered only where the defendant has failed to answer the complaint or to challenge the court's jurisdiction within the time specified in the summons. (Sec. 9322, Rev. Codes 1921.) Manifestly, where the defendant has appeared in the action, and has an answer on file, he cannot be considered as being in default. The power to enter a default is restricted to instances in which the defendant has wholly failed to make an appearance, either general or special. (*Missoula Belt Line Ry. Co.* v. *Smith,* 58 Mont. 432, 193 Pac. 529.)

Notwithstanding such affirmative defense and counterclaim before the court presenting issues of fact, the defendant's default was entered for failure to answer the complaint. He failed to amend his answer after the court's ruling upon the

demurrer, but the answer stood as to the matters pleaded as above set forth, unaffected by the court's ruling on the demurrer.

We cannot, under the record facts, conceive how the court could have permitted a judgment by default in the plaintiff's favor. A judgment by default is proper only where no answer, demurrer, motion or special appearance, coupled with a motion, has been filed with the clerk within the time specified in the summons, or such further time as may have been granted. (Sec. 9322, *supra.*) It cannot be permitted to stand, where, as in this case, an appearance by answer raising issues has been timely made, and such answer remains on file unaffected as to material allegations by the court's ruling. (*Edenfield* v. *Seal Co.*, 74 Mont. 509, 241 Pac. 227.)

Upon the facts disclosed by the record, the judgment was prematurely entered, and is therefore a nullity. (*Palmer* v. *McMaster,* 8 Mont. 186, 19 Pac. 585; *Batchoff* v. *Butte Pac. Copper Co.,* 60 Mont. 179, 198 Pac. 132; *Crawford* v. *Pierse,* 56 Mont. 371, 185 Pac. 315.)

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and STARK concur.