[Civil No. 3349.   Filed March 5, 1934.]

[30 Pac. (2d)  496.]

LOY C. TURBEVILLE and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Appellants, v. HAL McCARRELL, Appellee.

Mr. Don T. Udall and Messrs. Moore & Shimmel, for Appellants.

Mr. W. E. Ferguson, for Appellee.

ROSS, C. J.—This appeal is taken from a default judgment in favor of plaintiff and an order after judgment refusing to grant defendant's motion to vacate judgment. We shall refer to the parties as plaintiff and defendant, it being understood that plaintiff is the appellee. The nature of the question is such as to require a pretty complete history of the court proceedings below.

The case was commenced in Apache county on June 9, 1927, on plaintiff's complaint against defendant Turbeville for money had and received. A writ of attachment was sued out and levied upon said defendant's livestock, defendant giving a redelivery bond, with the United States Fidelity & Guaranty Company as surety. Within the time specified in the summons, on, to wit, July 1, 1927, the defendant filed a general demurrer to the complaint which later, on

November 21, 1927, was amended, setting up the bar of limitation, also motions to require the plaintiff to elect whether he would proceed in contract or tort. February 4, 1928, defendant filed a motion to quash the writ of attachment and to dismiss the complaint, and a plea of the statute of limitations.

May 5th an amended complaint was filed. May 21, 1928, a general demurrer was filed to the amended complaint. Nothing was done thereafter until December 9, 1930, when defendant moved to dismiss for lack of prosecution. This motion was taken under advisement and denied on January 5, 1931.

February 18, 1931, upon stipulation of the parties, the case was ordered transferred to Navajo county. During 1931 and 1932 it appeared on the court's calendar many times and was passed until August 11, 1932. On that date the defendant's demurrer was overruled and he given fifteen days in which to answer. The defendant failed to file his answer within the fifteen days or within an extension of time ordered by the court or stipulated by the parties. On September 9, 1932, on request of plaintiff, the clerk of the court entered a default against the defendant. September 20, 1932, defendant filed an answer to the amended complaint, consisting of a general denial and a plea of the statute of limitations, and on that day, according to the court's docket, the case was continued without date. Thereafter, on October 3, 1932, without any setting of the case or notice to defendant, plaintiff submitted evidence in support of his complaint, and the court ordered judgment against defendant and surety because defendant had "not answered the amended complaint within the time given by the court so to do" and because "his default was entered for failure to answer." October 24, 1932, judgment was duly entered.

December 19, 1932, the defendant filed his motion, in which the surety joined, to set aside the judgment

upon the grounds (1) that, the defendant having answered within the time specified in the summons, the clerk was without power to enter default; (2) there being an answer on file on October 3d undisposed of, the court erred in entering defendant's default and trying the case without notice to defendant. The motion also set forth excuses for not filing an answer within the time allowed by the court's order or the extensions thereof; also facts constituting, if true, a meritorious answer to plaintiff's cause of action. The defendant and the surety company insist that the grounds set out in the motion to vacate judgment were amply sufficient to require the court to grant the relief asked, and that it was prejudicial error to deny such relief. The assignments cover these questions.

The court refused to set the judgment aside, upon the ground of delay in filing motion. We accept the decision of the court that defendant's showing to excuse the failure to file answer within the time allowed was insufficient. The affidavits in support of this motion to vacate the judgment state the reason an answer was not filed was because opposing counsel had stipulated for an extension of time beyond the date default was entered. But this statement is controverted. The dispute was decided against the defendant's contention, and under the rule the decision must stand.

The next question is, Did the clerk of the court under the facts have the power to enter default against the defendant? This question, we think, is answered by the statute, section 3846, Revised Code of Arizona 1928, the pertinent part of which reads as follows:

"If no answer has been filed within the time specified in the summons, the clerk shall enter the default of the defendant, and the court may enter judgment upon the complaint."

Under this the clerk may enter a defendant's default only when he has failed to file an answer "within the time specified in the summons." If the answer is filed within the time specified in the summons, there is no default, and none of course could be entered. The clerk's power to enter defaults is purely statutory and can be exercised only as and when the statute provides. We look solely to the statute for the power and its extent. *Gutierrez* v. *Romero,* 24 Ariz. 382, 210 Pac. 470. Under statutes conferring on the clerk the right to enter defaults when the defendant has not answered "within the time specified in the summons," Montana and California hold the clerk is not authorized to enter default if an answer has been filed. *Edenfield* v. *G. V. Seal Co.,* 74 Mont. 509, 241 Pac. 227; *Taylor* v. *Southwick,* 78 Mont. 329, 253 Pac. 889; *Missoula Belt Line R. Co.* v. *Smith,* 58 Mont. 432, 193 Pac. 529; *Reher* v. *Reed,* 166 Cal. 525, 137 Pac. 263, Ann. Cas. 1915C 737, and note; *Baird* v. *Smith,* 216 Cal. 408, 14 Pac. (2d) 749. In this last case the court quotes with approval from Freeman on Judgments, fifth edition, 2666, section 1283, as follows:

" 'The clerk derives all his powers from the statute, and as they are special, no intendments are to be made in support of his act, but in each case it must appear that what he did was within the authority conferred on him by the statute. . . . ' "

The so-called entry of default by the clerk, it is noticed, was not for failure to answer within the time specified in the summons, but for failure to answer "within the time fixed by the court" after the demurrer was overruled. Clearly this act of the clerk was void and of no effect whatever.

On October 3d, when the court entered default and proceeded to try the case in the absence of the defendant and to render judgment, there was on file an answer. It was filed September 20th, but not within

the time fixed by the court's order or stipulations of the parties. The issues made by this answer were disregarded, and without notice to defendant the case heard and disposed of. This action of the court is certainly contrary to the prevailing rule. It is said in 34 Corpus Juris 169, section 382:

"A judgment by default or *nil dicit* cannot be entered against defendant while an answer or other pleading by him, raising an issue of law or fact, is properly on file in the case and not disposed of. Before a default judgment can be properly entered, the answer or other plea must be disposed of by motion, demurrer, or in some other manner. This rule applies, even though defendant's pleading is filed out of time, or is defective in form or substance, unless it is such that it may be treated as a mere nullity; and even though defendant does not answer on being called."

There are cited numerous cases sustaining this text, and among them *Porter* v. *Bichard,* 1 Ariz. 87, 25 Pac. 530. We have, in principle, in *Burbage* v. *Jedlicka,* 27 Ariz. 426, 234 Pac. 32, restated such rule. See, also, *Cudahy* v. *Gragg,* 46 Cal. App. 578, 189 Pac. 721; *Kerney* v. *Hatfield,* 30 Idaho 90, 162 Pac. 1077.

The case had been in court some five years, and apparently one party was as much to blame as the other for the delays. No ruling as to the sufficiency of the pleadings was had until August 11, 1932, when the court overruled the defendant's demurrer. The defendant at every step resisted the plaintiff's demand. His last answer showed that there had been no abandonment. On that day the case was continued by order of the court. We think, even though this answer was late coming in, it should have been disposed of in some way; it could not be ignored.

The motion to set aside the default and the judgment being based on section 3859 of the Code, it was necessary that it appear that it was taken against

defendant through mistake, inadvertence, surprise or excusable neglect or that the movants show "good cause" before it could be vacated. It seems to us the error of the court in proceeding with the trial as though the defendant was in default, when in fact he was not, was sufficient "good cause" to vacate the default and judgment thereon. Under said section the showing of good cause or other grounds for relief from a judgment or order may be made at any time within six months after the making or entry thereof. The motion was filed in good time and should have been granted.

The cases relied upon by plaintiff to sustain his contention, that the default entered by the clerk was legal, and the court's action in ignoring the defendant's answer and in trying the case without any previous setting or notice to defendant, are not in point, and do not conflict with our conclusion herein.

In *Faltis* v. *Colachis,* 35 Ariz. 78, 274 Pac. 776, 779, there was no answer on file at the time the case was tried. We mentioned that fact and said:

" . . . Appellants could have filed an answer as of right at any time before the case was regularly set for trial."

There was a setting of the Faltis case.

In *Western Indemnity Co.* v. *Kendall,* 27 Ariz. 342, 233 Pac. 583, 585, the power of the clerk to enter the default of a garnishee for failure to meet an issue tendered in a garnishment proceeding was suggested. We declined to decide the question, saying:

"It is not necessary, however, that we pass on this point. Defendant had filed no answer and was in default, even though it had not been entered. Had the answer been filed even after default it could not have been disregarded."

In both these cases the fact situation was different from this case.

The cause is remanded, with directions that the judgment be vacated and that further proceedings be had in accordance herewith.

LOCKWOOD and McALISTER, JJ., concur.