## MANATT v. STARR ET AL.

1. **Pleading:** ONE PARTY NOT BOUND BY ANOTHER'S ALLEGATIONS: MUTUALITY OF MISTAKE. A plaintiff cannot be precluded by an answer of a defendant which pleads facts inconsistent with the claim and allegations of the petition. And so, where plaintiff sought to reform a mortgage made by his grantor ( not a party to the action ) to defendant, on the ground that it described the wrong land in part, and to charge the payment of the mortgage upon another defendant, *held* that plaintiff could not be denied relief on the ground that the mistake in the mortgage was not a mutual one, simply because the defendant ( mortgagee ) denied knowledge or information sufficient to form a belief as to whether there was any mistake or not.

2. **Statute of Limitations:** STATE UNIVERSITY: MISTAKE: DISCOVERY: DILIGENCE. The statute of limitations does not run against the state university, nor does it begin to run against any party to bar his right of action for the correction of a mistake, until his discovery of the mistake, or until such time as he might have discovered it by pursuing inquiries suggested by facts within his knowledge; but he is not obliged to pursue such inquiries when the defendant has so conducted himself, to plaintiff's knowledge, as to justify him in believing that no mistake has been made.

3. **Appeal:** PRACTICE: FILING NEW PLEADINGS. Appeals in this court are tried upon the record of the court below, and no new pleadings or amendments can be allowed.

72 677
111 631
72 677
121 37

4. **Equity**: COMPLETE RELIEF: PLEADINGS NOT PREVENTING.   Plaintiff
sought the reformation of a mortgage made by his grantor to the state
university, so as to correct the description as to a portion of the land
conveyed by his grantor to S., and to make S. liable for the whole mort-
gage debt, and for general relief; and he showed himself entitled to the
relief asked.   The university was made a defendant, and denied knowl-
edge or information as to the alleged mistake, but asked in a cross-peti-
tion that its mortgage be foreclosed.   *Held* that, while the university
did not ask a reformation of the mortgage, nor allege facts entitling it
thereto, still, as complete relief could not be rendered to plaintiff with-
out a foreclosure of the mortgage *as reformed*, such foreclosure might
be decreed upon the university's simple prayer for a foreclosure.

*Appeal from   Washington   District   Court*—Hon. J. K.
Johnson, *Judge.*

TUESDAY, OCTOBER 18.

ACTION in chancery to correct a mistake in a mortgage
which shows the conveyance of a tract of land other than the
one intended to be described and conveyed.   The final decree
denied the relief prayed for by plaintiff.   The plaintiff and
the Iowa State University, defendant, the mortgagee, appeal.

*H. & W. Scofield* and *C. V. Manatt*, for plaintiff.

*W. J. Haddock*, for the University.

*J. F. Henderson* and *A. H. Patterson & Sons*, for appel-
lee.

BECK, J.—I.   In 1858, Robert Brown owned three forty-
acre tracts of land which are so situated that they make
together a tract 240 rods long and 80 rods wide, the length
being east and west.   The three forties constitute a tract
three forties in length, from east to west, and one forty
broad.   At that date he conveyed the east forty to one Garver,
who subsequently conveyed it to defendant Starr ; and soon
after this conveyance Brown executed a mortgage to the state
university, to secure $400 borrowed money, conveying the
west forty and also the east forty, which had before been con-
veyed by him as just stated.   The two forties were subse-
quently conveyed separately by Brown ; the west one being

conveyed by his grantee to plaintiff, and the middle one to defendant Starr. Plaintiff alleges in his petition that the mortgage mistakenly describes and conveys the east forty, it being the purpose of the parties to convey the west and middle forties, which at the time were owned by Brown, and prays that the mortgage may be corrected accordingly and declared to be a lien upon the middle forty. The defendant Starr, in his answer, denies that there is a mistake in the mortgage, and alleges that the intention of the parties was to convey the land described in the instrument. He also claims that plaintiff's action is barred by the statute of limitations. The university, in its answer, denies the allegations of plaintiff's petition, not having any information upon the subject sufficient to authorize a belief; but alleges that at the time the mortgage was executed Brown owned all of the lands described in the mortgage, and claims a lien thereon. The treasurer of the university, who is made a defendant, admits certain payments alleged to have been made upon the principal and interest of the mortgage, and asks for the foreclosure thereof, and for general relief. Plaintiff's petition was dismissed by the final decree, and the mortgage was foreclosed upon the land described therein.

II. In our opinion, the evidence clearly establishes the mistake in the mortgage. It is proved by the direct and positive evidence of Brown and his wife, and by the further fact that Brown at the time did not own the east forty described in the deed,—a circumstance of considerable weight tending to corroborate these witnesses. There is not one word of evidence tending to contradict them on this point. Counsel for defendant Starr insist that, as the mistake against which equity will relieve must be mutual, plaintiff cannot maintain

1. PLEADING: one party not bound by another's allegations: mutuality of mistake.

this action, for the reason that there was no mistake upon the part of the university; that institution understanding that the lands described in the mortgage were those intended to be conveyed. In support of the fact upon which this position is based,

Manatt v. Starr et al.

counsel rely upon the allegations of the answer of the university, which they claim avers that there was no mistake in the mortgage. Assuming that the answer of the university is to be so understood, we are of the opinion that its allegations are not to be conclusive against plaintiff. Surely the plaintiff cannot be precluded by an answer of a defendant which pleads facts inconsistent with the claim and allegation of the petition. The university introduces no evidence in support of its answer. Defendant Starr, when he purchased the middle forty, agreed to pay the whole amount due on the mortgage, as a part of the consideration for the land. Brown and his wife testify positively and directly to this effect. Starr testifies to the contrary; stating that the consideration paid was a mare and colt and cow. Brown and his wife are corroborated by evidence showing Starr's admissions that he was to pay half of the mortgage debt to the university, and promised to do so, and that for about fifteen years he did pay half the interest upon the mortgage annually. The strong preponderance of the evidence shows that the mare, colt and cow were an insufficient consideration for the land, which was worth at the time the value of that property added to the sum secured by the mortgage. Other testimony which need not be noticed supports the conclusion we have reached upon this point of the case.

III. We are next to inquire whether plaintiff's action is barred by the statute of limitations. The statute does not run against the university. It did not commence to run against plaintiff until he discovered the mistake. (Code, § 2530.) The plaintiff testifies that he did not discover the mistake until within five years prior to the commencement of the action. There is no direct evidence contradicting his testimony. Counsel for defendant, as contradicting it, rely upon circumstances showing that he had opportunity and the means of discovering the mistake. But he did not avail himself thereof, for the reason, as we shall soon see, that he was

*2. STATUTE of limitations: state university: mistake: discovery: diligence.*

lulled into security, and the belief that there was no mistake in the mortgage, by the acts of Starr.

IV. It is further insisted by counsel that plaintiff was put upon inquiry, and charged with knowledge which he might have gained thereby. But Starr's declarations that he was bound to pay the mortgage, his promise to do so, and his payment of interest annually for a great many years, all known to plaintiff, surely authorized the belief on his part that the mortgage covered the middle forty, and that the mortgage, which it does not appear he ever saw, described that tract. He could surely rely upon the promises and acts of payment on the part of Starr, and was not, therefore, called upon to make inquiry which would have led to the discovery of the mistake. The facts of the case involved in the points we have discussed are argued at considerable length by counsel. We think it quite unnecessary to discuss, more fully than we have done, the evidence, as the facts we have found, as above stated, support the conclusions we have reached, which control the decision of the case.

V. The university moves in this court for leave to file here an amendment to its answer and cross-petition, praying for a correction of the mortgage, and a foreclosure thereof. The motion must be overruled. Appeals in this court are tried upon the record of the court below; original pleadings and proceedings are never filed or had in this court.

*3. APPEAL: practice: filing new pleadings.*

VI. But we are of the opinion that upon the relief claimed in plaintiff's petition, and in the cross-petition of the university and its treasurer, proper relief may be granted to the university. The plaintiff prays that the mortgage be reformed, and be declared to be a lien upon the middle forty, and that defendant Starr be made personally liable for the amount due upon the mortgage, and for general relief. He is entitled to this relief.

*4. EQUITY: complete relief: pleadings not preventing.*

The treasurer of the university prays in his cross-petition

that the mortgage be foreclosed.   We think that upon this
prayer we are authorized to give the relief asked; and in
view of the fact that full relief cannot be given to the plaint-
iff, and a final settlement of the controversy be had, unless
the mortgage be foreclosed, we conclude that equity requires
a foreclosure of the mortgage in this action.   A decree will
therefore be entered in this court reforming and correcting
the mortgage so that it shall describe the middle forty acre
tract of land.   The mortgage as reformed shall be foreclosed,
and a personal judgment shall be entered against defendant
Starr for the amount due upon the mortgage.   The middle
forty shall be first sold upon special execution.   For any
balance remaining a general execution shall issue against
Starr, and, upon his property being exhausted, a special exe-
cution shall issue for the sale of plaintiff's land, the west
forty; it being the intention that plaintiff's land shall not be
subject to execution until all of Starr's property subject to
execution be exhausted.   The costs will be taxed against
Starr.   At the option of plaintiff, the case may be remanded
to the court below for a decree in harmony with this opinion.

REVERSED.