[Civil No. 3880. Filed January 17, 1938.]

[75 Pac. (2d) 361.]

HAL McCARRELL, Appellant, v. LOY C. TURBE-VILLE, Appellee.

168

Mr. W. E. Ferguson, for Appellant.

Mr. Don T. Udall and Messrs. Moore & Romley, for Appellee.

McALISTER, C. J.—The amended complaint on which this case was heard alleges that Loy C. Turbeville is indebted to the plaintiff, Hal McCarrell, in the sum of $3,000.00 for money had and received by the former from the latter on December 3, 1922, and that demand for repayment was made before suit was commenced but that no part of the amount has been satisfied.

Following these averments the amended complaint continues in the succeeding paragraphs, beginning with

number five, by alleging that at the time the money was paid, the defendant represented to the plaintiff that he, the defendant, was the owner and in possession of a certain well, windmill, outhouse, fences and other improvements located on his former homestead in Section 10, Township 20 North, Range 25 East, G. & S. R. B. & M., in Apache county, Arizona, while the fact was that he did not own said improvements but was mistaken in his representation to that effect in this: Said improvements were not located on section 10 but were instead on section 3 which belonged to persons or corporations other than the defendant who, in consequence thereof, had no right to convey the same to the plaintiff; that the defendant informed plaintiff at the time of the purchase that he had caused said section 10 to be surveyed and had placed the improvements thereon, and that the plaintiff purchased the improvements, relying on these statements; that due to the mistake as to the location of the improvements the defendant relinquished his then pending United States government homestead entry in section 10 and caused the plaintiff to file thereon and obtain a patent therefor; that because of defendant's representations concerning the location of the improvements plaintiff believed he was purchasing them.

It is further alleged that the plaintiff did not learn of the mistake in the location of the improvements until the spring of 1927, which was within the three-year period immediately preceding the commencement of this action, and that nothing occurred prior to that time to excite his suspicion that the improvements were not located as represented by the defendant at the time of the purchase until other persons called his attention to the fact in the spring of 1927, whereupon he caused a survey of section 10 to be made and learned therefrom for the first time that they were not located thereon.

To this amended complaint the defendant demurred upon three grounds: First, that it does not state facts sufficient to constitute a cause of action; second, that there is a misjoinder of causes of action in that one sounding in contract is joined with one sounding in tort; third, that the cause of action attempted to be set forth was not commenced or prosecuted within three years from the time it accrued, and is, in consequence, barred by the provisions of section 2060, subdivisions 1 and 3, Revised Code of 1928, which read as follows:

"*Three year limitations.* There shall be commenced and prosecuted within three years after the cause of action shall have accrued, and not afterward, the following actions: 1. Debt where the indebtedness is not evidenced by a contract in writing; . . . 3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

The court sustained both the general and special demurrers and following the announcement by the plaintiff that he would plead no further but stand on his amended complaint decided the matter in favor of the defendant, and this is the judgment the plaintiff has brought here for review.

The questions presented by the three assignments are based on the action of the court in sustaining the demurrers. The first complains of the ruling on the general demurrer. The gist of the amended complaint, it will be observed from the foregoing statement, is that on December 3, 1922, appellee sold to appellant for $3,000 the improvements described and that he relinquished his homestead entry in Section 10, Township 20 North, Range 25 East, etc., and caused appellant to file thereon and secure a patent therefor; that at that time appellee represented to appellant, who believed and relied on his statements, that he had had section 10 surveyed and placed the improvements

thereon; that appellee was mistaken in that the improvements were not located on that section but on number 3, which he did not own or have any interest in whatever, it being the property of other parties. In other words, appellee sold appellant property, the title to or possession of which he could not transfer, and it occurs to us that these facts render the amended complaint invulnerable to a general demurrer.

Appellee contends, however, that the amended complaint is not sufficient for these reasons: That it shows on its face that both parties were merely mistaken as to the location of the improvements; that appellant relied on the thought that the improvements were located on section 10, bought them, filed on the land, proved up on it, secured a patent therefor and remained in undisturbed possession of the improvements from December 3, 1922, until the spring of 1927; that the complaint nowhere intimates even that appellee made any fraudulent representations, or that he did not in fact have a survey of section 10 made and in reliance thereon place the improvements on that section; that it does not state that appellant was ever required to surrender possession of the improvements; that his possession did not ripen into title by prescription, or that he offered to reconvey the improvements to appellee. We take it that none of these is material. If appellee sold property to which he could give neither title nor possession, even though he did so through a mistake, it seems plain that the purchaser has a cause of action against him for the return of his money, it appearing that in making the purchase and paying the consideration therefor he relied on the seller's statement as to the location of the improvements and under the circumstances was justified in so doing. Some of these suggestions of appellee might become important as defensive matter in the event of a trial of the case, but, as we see it, none of them is required

to state a good cause of action for a recovery of the amount paid. It nowhere appears in the amended complaint that appellant could not be ejected from section 3 by its owner and thus deprived of the improvements which have become a part of the realty. The general demurrer should not have been sustained.

The second assignment is based on the order sustaining the demurrer interposed on the ground that the amended complaint misjoins two causes of action in that it joins one sounding in contract with one sounding in tort. Appellant contends that a mere reading of the complaint discloses that the action pleaded is one for money had and received, that is, one for debt based on an implied contract, and dispels any theory of misjoinder, the allegations showing the mistake and how it came about being purely for the purpose of tolling the statute of limitations. His position seems to be that it is not necessary that a cause of action be based on mistake to entitle him to the benefit of subdivision 3, section 2060, *supra,* but that he may have this in any action where mistake enters into the transaction, such, for instance, as one founded on an implied contract, as for money had and received, because the effect of the mistake is to toll the running of the statute so that it starts from the discovery of the mistake or, ''when one exercising reasonable diligence would have discovered it,'' as this court said of fraud in *Guerin* v. *American Smelting & Refining Co.,* 28 Ariz. 160, 236 Pac. 684, 687. Whether appellant's contention in this respect is correct, it is not necessary to decide because the gist of the amended complaint, as we view it, is the recovery of money paid under a mistake of fact, and, this being true, the case should be treated as one seeking relief upon that ground. While it is true the complaint contains in its first four paragraphs the allegations necessary to the statement of an action for money had and received, yet, when

these are considered in connection with the succeeding allegations showing how the mistake occurred and resulted in appellee's receiving the money for appellant's benefit, it seems clear that the relief sought is equitable in its nature and that the action should be treated as one of that character.

"*Assumpsit* for money had and received is of an equitable character, and it may in general be maintained by any legal evidence showing that the defendant has received or obtained possession of money of the plaintiff which in equity and good conscience he ought to pay over to the plaintiff." *Copper Belle Min. Co.* v. *Gleeson,* 14 Ariz. 548, 134 Pac. 285, 287, 46 L. R. A. (N. S.) 481.

"Though an action at law," to use the language of 2 R. C. L. 778, in referring to *indebitatus assumpsit* in the form of the count for money had and received, "it is equitable in its nature, and is said to resemble a bill in equity, and to lie wherever a bill in equity would lie." Viewing the amended complaint in this light, it follows that the order sustaining the demurrer on the ground of misjoinder of causes of action was likewise erroneous.

The third assignment challenges the order sustaining the special demurrer interposed upon the ground that the cause of action attempted to be set up was not commenced and prosecuted within three years from the time it accrued and, hence, was barred by subdivisions 1 and 3, section 2060, Revised Code of 1928. Inasmuch as the action should be regarded as equitable in character, the applicable provision of the limitation statute is not subdivision 1, relating to actions for debt where the indebtedness is not evidenced by a contract in writing, but subdivision 3 providing that actions for relief upon the ground of fraud or mistake shall not be deemed to have accrued until the facts constituting the fraud or mistake shall have been dis-

covered by the aggrieved parties. The $3,000 was paid to and received by appellee on December 3, 1922, but, according to the allegations of the complaint, the mistake as to the location of the improvements for which it was the consideration was not discovered until the spring of 1927, and the action was commenced within three years from that time, in fact, within only a few weeks thereafter.

■■ Appellee contends, however, that even though the action did not, under the language of subdivision 3, accrue until appellant discovered the mistake, the courts in many jurisdictions, including this one, have said that this means not merely when the aggrieved party discovered the mistake but also "when one exercising reasonable diligence would have discovered it," *Guerin* v. *American Smelting & Refining Co., supra,* and, this being true, that the circumstances in this case are such that appellant, as a reasonable person, should have discovered it long before that time. We are unable to agree with this view, because it appears to us that appellant under the facts was justified in relying upon and accepting the statements of appellee that he had had section 10 surveyed and had placed the improvements thereon. Appellant could not have believed or felt that appellee would have placed on the land of another improvements that would become a part of the realty and, therefore, irremovable, or that he had made a mistake in the section after having had it surveyed. This, in addition to the fact that the land was in the wide open spaces of the public domain where boundary lines are not quite so well marked or easily found, or perhaps, so important as they are in the case of rich agricultural land, could easily have led appellant, as a reasonable man, to believe it unnecessary that he investigate the section lines further. In view of the disarming character of appellee's statement, it does not seem reasonable to say that appellant's mis-

take was due to his negligence, indifference or inattention, or that any reasonable, diligent, prudent person would, under the peculiar circumstances confronting him, have had his suspicions as to the location of the improvements excited. However, this must have been true before notice of the mistake could have been charged to him. *Manatt* v. *Starr,* 72 Iowa 677, 34 N. W. 784; *Breen* v. *Donnelly,* 74 Cal. 301, 15 Pac. 845.

 Appellant contends further, however, that even though the action was commenced within three years of the discovery of the mistake, the facts alleged show that it was not prosecuted within this period, and that this must appear before the bar of the statute may be avoided. It is true that under section 2060, subdivision 3, *supra,* an action must be both commenced and prosecuted within three years from the discovery of the mistake, but by the word "prosecuted" the legislature did not mean that an action must reach final judgment within that period; it had in mind merely that the case must be carried on with reasonable diligence. *Forbach* v. *Steinfeld,* 34 Ariz. 519, 273 Pac. 6. The only facts alleged in the amended complaint bearing on the question whether the action received this kind of attention are that it was filed in 1927 and did not go to final judgment until December, 1936, and, if there was nothing else that the court could consider in determining this matter, the passing of nine years without showing something else done would undoubtedly be sufficient to bring the action within the bar of the statute. However, this same case was brought here by appellee in 1933 on appeal from an order refusing to set aside his default entered in September, 1932, and a decision was rendered in March, 1934, reversing the ruling of the trial court on that question and remanding the case for further proceedings in accordance with that view. *Turbeville* v. *McCarrell,* 43 Ariz. 236, 30 Pac. (2d) 496. We take ju-

dicial notice of that decision and the records here on which it was based. There is, it is true, nothing showing what was done between that time and the rendition of the judgment the latter part of 1936, yet, as we see it, the passage of this period did not of itself, under the circumstances, show that the case had not been prosecuted with reasonable diligence.

The judgment of the trial court is reversed and the case remanded with directions that any further proceedings be had in accordance with the views herein expressed.

ROSS and LOCKWOOD, JJ., concur.