F. E. HOWELL, Plaintiff,

v.

David L. SHANNON, Lada J. Kapka and John Larson, Review Committee of the Commodity Stabilization Service of the United States Department of Agriculture in and for the State of Montana, Defendants.

Civ. No. 2005.

United States District Court
D. Montana,
Great Falls Division.

Jan. 13, 1959.

Dola N. Wilson, Jr., Fort Benton, Mont., for plaintiff.

Krest Cyr, U. S. Atty., Butte, Mont., Waldo N. Spangelo, and John F. Blackwood, Asst. U. S. Attys., Billings, Mont., for defendant.

JAMESON, District Judge.

This action was filed pursuant to 7 U.S.C.A. § 1365 for a review of the determination by defendant Review Committee that plaintiff is barred from appealing the determination of his 1959 wheat acreage allotment. Defendant has filed a transcript of the record upon which the determination complained of was made.

On June 6, 1958, the Chouteau County office of the Commodity Stabilization Service mailed a notice of 1959 wheat acreage allotment (Form MQ–24) to plaintiff at Loma, Montana. Plaintiff

was absent from the State of Montana from May 28 through June 20, 1958, by reason of the serious illness of a relative. It appears from a letter written by plaintiff's wife, dated June 30, 1958, that plaintiff and his wife returned to their home late the night of June 20 and left immediately for Box Elder by reason of the illness of another relative; that they opened their mail on Monday, June 23, 1958, and immediately contacted the county office of the Commodity Stabilization Service. It is alleged in the complaint "that plaintiff appeared before the office of the defendants in said Chouteau County, Montana, on Monday, June 23, 1958, for the purpose of appealing said wheat acreage allotment. That said appeal was rejected by said office. That plaintiff asked for a hearing before the County Committee but said hearing was denied."

Apparently nothing in writing was filed prior to the letter from plaintiff's wife dated June 30, 1958. The file contains an unsigned "Application for Review" (Form MQ–53) to which is attached Mrs. Howell's letter of June 30, 1958. There is a notation signed by the county office manager that the application for review was received by him on August 4, 1958.

On August 5, 1958, a Notice of Untimely Filing of Appeal for Review (Form MQ–54) was mailed to plaintiff. A hearing was held on September 22, 1958, at which the Review Committee "determined that since the notice of 1959 allotment was mailed to F. E. Howell at Loma on June 6, 1958, and that since there was no appeal filed on the matter until June 30, 1958, that the producer had failed to comply with the requirement that an appeal must be filed within 15 days after the notice of allotment is mailed in order that it may be considered timely and the determination thereon made by the Review Committee. The Committee thereupon decided that the appeal of Mr. Howell should be dismissed * * *." The Clerk was instructed to prepare Order of Dismissal (Form MQ–57), which was mailed to plaintiff on September 23, 1958. This action was instituted within 15 days thereafter, i. e., on October 3, 1958.

Defendant filed a motion to dismiss and contends that this court has no jurisdiction, in that the court's jurisdiction to review is restricted to questions of law involved in determinations made by the Review Committee, and the "Review Committee made no determination and had no authority to make one."

Plaintiff concedes that the court's jurisdiction is a limited one but contends that the court has jurisdiction "to review the action of the Review Committee and to determine from the facts whether such action was proper." More specifically plaintiff questions the sufficiency of the mailing and, assuming its sufficiency, contends that a court of equity may grant the relief requested, and if not, that the statutes and regulations in question are unconstitutional.

7 U.S.C.A. § 1362 provides that all acreage allotments and farm marketing quotas shall be "made and kept freely available for public inspection," and that "notice of the farm marketing quota of his farm shall be mailed to the farmer." Section 1363 provides that a farmer may apply for a review of his farm marketing quota "within fifteen days after the mailing to him of the notice" as provided in section 1362; and "Unless application for review is made within such period, the original determination of the farm marketing quota shall be final." The regulations provide that "an application shall be in writing and addressed to, and filed with, the County Office Manager for the county from which the notice of quota was received * * *" (§ 711.13 of Marketing Quota Review Regulations, 7 C.F. R.).

Section 1365 provides that if the farmer is dissatisfied with the determination of the Review Committee, he may "within fifteen days after a notice of such determination is mailed to him by registered mail, file a bill in equity against the review committee as defendant in the United States district court * * *." In my opinion the order of dismissal was

a determination by the Review Committee within the meaning of section 1365, and plaintiff accordingly was authorized to institute this action. Under section 1366 the review by the court is limited to questions of law.

It is apparent from reading the transcript of the hearing that the Review Committee and other officials present were sympathetic with plaintiff's position, but concluded that the statutes and regulations made "no allowance" for "mitigating circumstances" in the event the application for review "was untimely filed." The following statement of Charles H. Crouse, Production Adjustment Specialist from the Montana State A. S. C. Office, is pertinent:

"In the event, (or) an MQ–57, Dismissal, must be issued, in the event it must, I don't say it must, in the event it must, that gives, that would give Mr. Howell a right to appeal to the District Court, within 15 days, the same as under a determination. To determine whether the district judge, or whoever might be presiding in the court, feels that these things are a—too harsh and unreal."

Defendant contends that under the applicable statutes and regulations the Review Committee's jurisdiction is limited to a consideration of cases filed within the 15 day period, "without regard to mitigating or extenuating circumstances." This was of course the determination of the Review Committee in dismissing plaintiff's application. Is that determination a correct interpretation of the statutes? More specifically, does the Review Committee or the Court have any discretion to permit a review where the application is filed more than 15 days after the date of mailing the notice and the delay in filing is unavoidable or clearly excusable? I have found no cases passing upon this question, and none have been cited by either party in their briefs.

██ While the application filed by the farmer pursuant to section 1363 is in the nature of an appeal from the determination of the county committee, it is also the farmer's "initial appearance" in any proceeding. In fact, the right to apply to the review committee is the farmer's only right to be heard, except for his right to vote on the referendum on the National Marketing Quota program. Plaintiff contends that to deny a review where the notice was not actually received within the 15 days allowed by statute, would constitute the taking of property without due process of law. The requirements of due process were set forth in Mullane v. Central Hanover Bank & Trust Co., 1940, 339 U. S. 306, 314–315, 70 S.Ct. 652, 657, 94 L. Ed. 865, as follows:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance * * * But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.'"

It is undoubtedly true that in most instances, 15 days from the date of mailing is sufficient time for a farmer to

142

receive the notice and apply for review. Occasionally, however, a situation may arise where a notice is lost in the mail or where, as here, the failure of the farmer to receive the notice and apply for the review within the 15 day period is either unavoidable or clearly excusable. In such cases, I do not believe that Congress intended that the review committee, in its discretion, might not consider a tardy application, if promptly filed after actual receipt of the notice.

Undoubtedly one of the purposes of the provision making the determination final after 15 days was to enable the review committee to carry out its functions without harassment from tardy appeals. It would appear, however, that to allow the committee, in its discretion, to consider a tardy application where good cause is shown, does not militate against the general purpose of the statutes.

█ A court must not decide that a statute is unconstitutional if there is any way in which it can be interpreted to be constitutional. In Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, the Supreme Court held that the requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., applied to administrative hearings in proceedings for the deportation of aliens, in spite of the absence of statutory language to that effect. The Court said that to otherwise "construe the Immigration Act might again bring it into constitutional jeopardy." It is conceivable that a strict construction of section 1363 might likewise bring that section into constitutional jeopardy.

In general, the rules governing administrative proceedings are not as rigid as those governing judicial proceedings. "However, in the exercise of judicial or quasi-judicial powers, the elementary and fundamental principles of a judicial inquiry should be observed. The same general conduct must be pursued by administrative bodies as would be pursued by a court in safeguarding the fundamental constitutional rights of the citizen." 42 Am.Jur. 446, Public Administrative Law, § 114.

In some respects, the granting by a court of an extension of time for an appearance is analogous to a determination by the review committee that it could, in its discretion, consider an appeal although the 15 days have expired. It is stated in Corpus Juris Secundum, "Except in so far as prohibited or restricted by statute, the court has power to grant an extension of time for appearance." 6 C.J.S. Appearances, 9, p. 15. Under the Federal Rules of Civil Procedure, 28 U.S.C.A., when by the rules "or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *" (except in certain instances specified in the rule). Rule 6(b). In Edenfield v. C. V. Seal Co., Inc., 1925, 74 Mont. 509, 241 P. 227, 228, a demurrer was filed after the time in which defendants were allowed to answer had expired, but before the clerk had entered a default. The applicable statute provided: "If no * * * demurrer * * * has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted * * * the clerk must enter the default of the defendant; and thereafter the plaintiff may apply for the relief demanded in the complaint." R.C.M.1921, § 9322(2) (now R.C.M.1947, § 93–4801). The court held that the judgment entered on the default should be set aside stating that the provisions of the statute were "directory rather than mandatory."

█ True, these rules and decisions, which accord with general authority, are not directly in point. They are cited to illustrate a recognition of the necessity of giving courts and administrative bodies some discretion in granting extension of time for appearance where

the failure to appear within the prescribed time is clearly excusable. I feel this principle is applicable here, and that the Review Committee should determine whether plaintiff's failure to file his application within the prescribed period was unavoidable or clearly excusable. If so, the committee should afford him a hearing on his application.